ACCEPTED
06-14-00105-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/6/2015 1:46:42 PM
DEBBIE AUTREY
CLERK

NO. 06-14-00105-CR

IN THE COURT OF APPEALS

SIXTH DISTRICT

AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
4/6/2015 1:46:42 PM
DEBBIE AUTREY
Clerk

TIMOTHY BATES, Appellant

VS.

THE STATE OF TEXAS, Appellee

APPEAL IN CAUSE NUMBER CR1301437

IN THE COUNTY COURT AT LAW NO. 2

OF HUNT COUNTY, TEXAS

STATE'S BRIEF

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now The State of Texas, and submits this brief pursuant to the provisions of the Texas Rules of Appellate Procedure in support of her request that the conviction be affirmed in Cause No. 06-14-00105.

1

**TABLE OF CONTENTS**

TABLE OF CONTENTS..........................................................................................................2

INDEX OF AUTHORITIES...............................................................................................3

STATEMENT OF THE CASE..........................................................................................4

STATEMENT OF THE FACTS .......................................................................................4

SUMMARY OF THE ARGUMENT .................................................................................5

ARGUMENT...................................................................................................................... 5-6

    **State's Response to Point of Error Number One**........................................................ 5-6
    The evidence is legally and factually sufficient to sustain Appellant's conviction
    of driving while intoxicated.

CONCLUSION AND PRAYER ........................................................................................ 7

CERTIFICATE OF SERVICE ........................................................................................ 8

# INDEX OF AUTHORITIES

**STATE CASES:**

*Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781 ........................................................................5,6

*Dewberry v. State,* 4 S.W.3d 735, 740 (Tex.Crim.App.1999), *cert. denied,* 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000) ........................................................................5

*Hooper v. State,* 214 S.W.3d 9, 16–17 (Tex.Crim.App.2007)........................................................5

**STATUTORY AUTHORITY**

TEXAS PENAL CODE ANN., §49.01 ........................................................................6

TEXAS PENAL CODE ANN., §49.04 ........................................................................6

## STATEMENT OF THE CASE

Appellant was tried and convicted by a jury of Driving While Intoxicated in the Hunt County Court at Law #2 on May 13, 2014. The Court assessed punishment at 180 days in the Hunt County jail, probated for twelve months with a fine of $400 plus court costs, as well as 50 hours of community service.

## STATEMENT OF FACTS

The State accepts as true Appellant's Statement of Facts with the following supplementation.

Phillip Erickson, a clerk at the Kwik-Check Convenience Store in Greenville, TX, was accosted by the Appellant on the evening of September 1, 2013 at approximately 1 a.m. (Reporter's Record, herein R.R., Vol. 2, pp. 24, 25). After a conversation with the Appellant at the counter, Mr. Erickson decided to call the non-emergency line of the Greenville Police Department to report that he believed Appellant to be intoxicated. (R.R. Vol. 2, p. 30). This was not something that Mr. Erickson did often. *Id.* Mr. Erickson was scared due to Appellant's intoxication and behavior. *Id*. at 32-33. He attributed Appellant's behavior to intoxication, not to nervousness. *Id*. at 44.

Officer Brandon West of the Greenville Police Department initiated a stop based on the report from the clerk. *Id*. at 52. Officer West testified that once the stop was initiated and Appellant was removed from the vehicle, he brought a Snickers candy bar with him, which struck Officer West as odd. *Id*. at 53. Officer West had to give the instructions for the HGN several times before Appellant was able to comply. *Id*. at 54. Officer West testified that he observed six out of the six total "clues" on the horizontal gaze nystagmus test. *Id*. at 60. Appellant told Officer West during the stop that he had taken prescription medication earlier that evening. *Id*. at 74. An arrest was made based on the totality of the circumstances of Officer

4

West's investigation. *Id* at 79.

## SUMMARY OF THE ARGUMENT

The evidence is legally sufficient to sustain conviction. The jury was able to base its decision to convict on numerous pieces of evidence, including the testimony of a lay witness, a police officer's testimony, video evidence, and the defendant's own statements. The court must defer to the jury's decision to convict after weighing all the evidence.

## ARGUMENT: STATE'S RESPONSE TO POINT OF ERROR ONE

*Legal Sufficiency of Evidence*

When reviewing the sufficiency of the evidence, the court views the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781. This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.,* at 319. Thus, when performing a legal sufficiency review, the court may not re-evaluate the weight and credibility of the evidence and substitute its judgment for that of the factfinder. *Dewberry v. State,* 4 S.W.3d 735, 740 (Tex.Crim.App.1999), *cert. denied,* 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). Instead, the court should "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State,* 214 S.W.3d 9, 16–17 (Tex.Crim.App.2007). the court should  presume that the factfinder resolved any conflicting inferences in favor of the conviction and defer to that resolution. *Jackson,* 443 U.S. at 326, 99 S.Ct. at 2793; *Clayton,* 235 S.W.3d at 778.

*Driving While Intoxicated*

The law states that a person is guilty of driving while intoxicated if they (1) operate a motor vehicle (2) in a public place (3) while intoxicated. TEXAS PENAL CODE ANN., §49.04 Intoxication is defined as (a) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or (b) having an alcohol concentration of 0.08 or more. TEX. PENAL CODE ANN. § 49.01.

*Analysis*

Based on the evidence presented to the jury, a rational jury could have convicted based on the evidence presented. There was testimony of Appellant's odd behavior from both the store clerk and the officer who made the stop. There was evidence of the results of the standardized field sobriety tests, which indicated intoxication. The jury was able to watch a dashcam video of the incident and observe Appellant as he appeared on that evening. After viewing all of this evidence, the jury came to the conclusion that Appellant was guilty of driving while intoxicated beyond a reasonable doubt. The jury was allowed to accept or reject some or all of the testimony given by both of state's witnesses. Instead, they chose to resolve the case in favor of the prosecution. The court should not overturn the conviction because it is not irrational for a jury to find beyond a reasonable doubt that Appellant was guilty of driving while intoxicated based on the evidence before them, as is the standard put forth by the *Jackson* court.

## CONCLUSION AND PRAYER

It is for the reasons contained herein, that the State would respectfully pray that this Court of Appeals for the Sixth District affirm the conviction for driving while intoxicated.

Respectfully submitted,

JOEL D. LITTLEFIELD
Hunt County Attorney
P.O. Box 1097
Greenville, TX 75403-1097
(903) 408-4112 - telephone
(903) 408-4297 - fax

By:/s/Joseph T. O'Neill_____
    Joseph T. O'Neill
    Assistant County Attorney
    State Bar No. 24076953

## CERTIFICATE OF WORD COUNT

I certify that this document brief/petition was prepared with Microsoft Word 2012, and that, according to that program's word-count function, the sections covered by TRAP 9.4(i)(1) contain 940 words.

Sincerely,

/S/_ JOSEPH T O'NEILL__
JOSEPH T. O'NEILL
Assistant County Attorney of Hunt County
State Bar Number – 24076953
Hunt County Courthouse
P.O. Box 1097
Greenville, Texas 75403-324
(903) 408-4112
(903) 408-4297 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to counsel for Appellant, Jessica Edwards, on this the 6th day of April, 2015 via email.

/s/Joseph T. O'Neill_____
Joseph T. O'Neill
Assistant County Attorney